IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| TAMKO ROOFING PROD., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 00-5106-CV-SW-4-ECF |
| | ) | |
| | ) | |
| SMITH ENGINEERING CO., et. al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## ORDER DENYING MOTION FOR REMITTITUR

Presently before this Court is a motion for remittitur (Doc. 304) submitted by Defendants Smith Engineering Company and Smith Environmental Corporation (collectively as "Smith") pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff Tamko Roofing Products, Inc. ("Tamko") has opposed this motion. For the following reasons, Smith's motion is hereby DENIED.

**I.     Facts**

The present action stems from a series of contracts between Tamko and Smith Environmental Corporation ("Smith") for the sale of pollution control devices and the provision of services in conjunction with those devices. The four contracts originated from negotiations between Tamko and Smith that began in early 1999 and concluded with the signing of the last two contracts on July 15, 1999. According to Tamko, in late 1999, the pollution control devices were installed and failed to perform as Smith had

1

represented. Subsequently, due to disputes regarding three of the contracts, Tamko cancelled the fourth and brought suit against Smith in December of 2000.

Tamko brought this action seeking, among other things, claims for breach of contract and fraudulent misrepresentation against Smith. A jury trial relating to issues regarding the contracts with Smith commenced in this Court on September 27, 2004. The jury found against Smith on Tamko's claim for fraudulent misrepresentation and awarded Tamko compensatory damages in the amount of $1,376,063.

**II.     Discussion**

In this case, Smith has urged the Court to remit the amount of damages on Tamko's claim for fraudulent misrepresentation from $1,376,063 to $1,239,953. In support of this request, Smith contends that the only evidence supporting the amount of Tamko's damages on this issue was presented to the jury in the form of expert testimony from Larry Redler, Tamko's damages expert. The parties do not dispute that the amount to which Mr. Redler testified on this issue was the lesser amount: $1,239,953. As a result, Smith argues that there is insufficient evidence to support a jury verdict in the amount that the jury awarded Tamko for the fraudulent misrepresentation claim. Tamko opposes the proposed adjustment to the jury's verdict asserting that there was sufficient evidence to support the amount of the verdict and, therefore, any change would be unwarranted and inappropriate.

Pursuant to Rule 59, a party may challenge the size of a verdict. Fed. R. Civ. P. 59. The decision of a federal district court to grant remittitur in a diversity action is a procedural matter and, therefore, federal law is controlling. In re Knickerbocker, 827 F.2d 281, 289 n. 6 (8th Cir. 1987) (citing Hale v. Firestone Tire & Rubber Co., 820 F2d 928, 936 n.1 (8th Cir. 1987). Although setting aside a verdict that is found to be excessive is a discretionary matter, a district court is not at liberty to arbitrarily substitute its own

judgment for that of the jury. Bryant v. Mathis, 28 F.2d 19, 20 (D.C. Cir. 1960). In the absence of allegations of clear judicial error or other impropriety, a court may only permit remittitur in circumstances "where the verdict is so large as to shock the conscience of the court." Wright, Miller & Kane, 11 Federal Practice and Procedure: Civil 2d § 2815. The trial court has considerable deference in determining a reasonable limit to an amount of damages awarded by a jury. *See* Slatton v. Martin K. Eby Constr. Co., Inc., 506 F.2d 505, 509 (8th Cir. 1974).

In support of the motion for remittitur, Smith argues that the evidence adduced at trial was insufficient to support the amount awarded by the jury. Specifically, Smith contends that the only amount for which there was sufficient evidence to support was $1,239,953, which was the amount given by Mr. Redler at trial. Tamko counters this argument by asserting that there was additional evidence that could have warranted the amount awarded. As examples, Tamko points to evidence of additional installation expenses encountered by Tamko; excessive downtime experienced at both Tamko's Ennis and Tuscaloosa facilities; time devoted by Tamko employees to dealing with problems encountered by the SCO's; the fact that Mr. Redler characterized as "conservative" his estimates of the added gas expenditure required by the reinstallation of a less efficient machine at the Ennis facility; and evidence regarding Tamko's storage of the inoperative SCOs.

In reviewing the arguments submitted by the parties, this Court finds that Smith has not demonstrated that the award granted to Tamko by the jury was unwarranted. As the main legal support for its argument, Smith asserts that a reduction of actual damages to the maximum amount proved is an appropriate remedy. *See* In re Knickerbocker, 827 F.2d at 289 n. 6. While this Court does not dispute that a reduction to the amount of damages proved at trial is appropriate in circumstances where remittitur

is warranted, the real question on this issue revolves around whether remittitur is truly warranted under these circumstances.

The threshold issue on the granting of remittitur is whether the award is "plain injustice" or a "monstrous" or "shocking" result. Slatton, 506 F.2d at 508. While the amount awarded by the jury is undisputedly above the amount given by Tamko's damages expert, this Court cannot conclude that the difference constitutes a result that is "shocking to the judicial conscience" or otherwise unjust. Indeed the difference between the two amounts is $136,110 which is roughly an 11% increase of the amount testified to at trial by Mr. Redler. The Court is, therefore, unwilling to conclude that the amount awarded by the jury is unreasonable. As a result, a reduction in the amount awarded by the jury would be inappropriate.

## III.   Conclusion

Having reviewed the arguments submitted by the parties, this Court finds that the amount awarded by the jury to Tamko for damages resulting from Smith's fraudulent misrepresentation, $1,376,063, is not so large as to render itself unjust or shocking to the judicial conscience. Accordingly, Smith's motion for remittitur is DENIED.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:   June 13, 2005