## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

TAMKO ROOFING PROD., INC.,    )
)
          **Plaintiff,**    )
)
)
**vs.**    )      **Case No. 00-5106-CV-SW-4-ECF**
)
)
SMITH ENGINEERING CO., et. al.,    )
)
          **Defendants,**    )
)

## ORDER

Presently before this Court is Plaintiff Tamko Roofing Products Inc. ("Tamko")'s motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 305). Tamko has filed this motion to amend the judgment in two respects. First, Tamko has requested that the Court reconsider its order (Doc. 299) finding in favor of Defendant Haden Schweitzer Corporation ("Haden") on Tamko's alter ego claim. Second, Tamko asks that the Court amend the judgment to encompass prejudgment interest along with the jury's award of damages on Tamko's claim for fraudulent misrepresentation against Defendants Smith Engineering Company and Smith Environmental Corporation (collectively as "Smith"). Defendants Haden and Smith have opposed this motion. For the following reasons, Tamko's motion is hereby GRANTED in part and DENIED in part.

1

## I.    Standard

A party may file a motion to alter or amend a judgment pursuant to Rule 59(e) "no later than ten days after entry of judgment." Fed. R. Civ. P. 59(e). Rule 59 has generally been invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." White v. N.H. Dep't. Of Employment Sec., 455 U.S. 445, 451 (1982). The purpose of the rule is to allow a court to correct its own mistake following the entry of judgment. Id. at 450. Motions to alter or amend judgment pursuant to Rule 59(e), however, serve the "limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D. Mo. 1997).

## II.    Discussion

### A.    Alter Ego

The first request contained in Tamko's present motion is that the Court reconsider its earlier decision finding in favor of Haden on the alter ego claim. The alter ego claim is equitable in nature and, therefore, was decided by the Court. Las Palmas Associates v. Las Palmas Center Associates, 235 Cal.App.3d 1220, 1248 (Cal. Ct. App. 1991). During the jury trial in above captioned matter, however, the Court sought an advisory opinion from the jury on issues surrounding the alter ego claim. Based upon the jury's finding, the evidence adduced at trial, and the arguments submitted by the parties, this Court entered an order (Doc. 299) finding in favor of Haden on the alter ego claim. In submitting this motion Tamko admits that it is not introducing new evidence, tendering new legal theories, or raising arguments that

2

it did not raised at trial.  After careful consideration, this Court does not find error with its previous order.  Consequently, Tamko's motion alter or amend the Court's judgment on the alter ego claim is DENIED.

B.     Prejudgment Interest

Tamko also claims that it is entitled to an award of prejudgement interest in the amount of $423,146.69 based upon the jury's verdict in its favor on the claim for fraudulent misrepresentation against Smith.[1]  In support, Tamko argues that Missouri Revised Statute § 408.040 entitles a claimant to prejudgment interest at a rate of 9% per annum when the amount of judgment exceeds the claimant's demand for, or offer of, settlement.  Smith has opposed this motion claiming that Tamko is not entitled to prejudgment interest because Tamko did not make a written demand for payment or offer of settlement and did not send a written demand or offer to Smith by certified mail as required by Section 408.040.

Missouri Revised Statute §408.040 entitles a tort claimant to prejudgment interest when the judgment or order exceeds a pre-trial demand for payment or offer of settlement made by the claimant.  Mo. Ann. Stat. § 408.040(2).  Further, the statute provides that the "demand or offer shall be made in writing and sent by certified mail and shall be left open for sixty days unless rejected earlier."  Id.  If a prevailing plaintiff is able to demonstrate compliance with the provisional requirements of Section 408.040, then that "plaintiff is entitled to prejudgment interest calculated from a date sixty days after the offer of

_____

[1]  Smith filed a motion for remittitur (Doc. 304) which argued that the amount of damages should be lowered to $1,239,953 because jury's award of $1,376,063 on Tamko's fraudulent misrepresentation claim is unsupported by the evidence adduced at trial.  As a result, Smith contends here that an award of prejudgment interest based upon the amount awarded by the jury would be inappropriate.  This Court has issued an order (Doc. 323) denying Smith's motion for remittitur and, as such, the amount of $1,376,063 awarded by the jury is the proper amount to be used to calculate any award of prejudgment interest.

3

settlement was made or from the date the is rejected without counteroffer, whichever is earlier." Emery v. Wal-Mart Stores, Inc., 976 S.W.2d 439, 449 (Mo. 1998).

Smith's first argues against the award of prejudgment interest by asserting that no offer of settlement was made. The Court, however, finds this to be unpersuasive. In countering this argument, Tamko directs the Court to Exhibit 253, which was admitted in evidence at trial. That exhibit contains a letter sent by Tamko to Smith on October 27, 2000 in which Tamko demanded payment of $777,890 in settlement of the disputed contracts between Smith and Tamko. As such, there is no dispute that a written demand for settlement was sent by Tamko to Smith.

The question that remains, therefore, is whether Tamko's failure to send the letter by certified mail prohibits it from receiving prejudgment interest under Section 408.040. Based upon the relevant case law in Missouri, it clearly does not. In Larabee v. Washington, the court of appeals upheld the trial court's award of prejudgment interest under Section 408.040 even though the letter was settlement letter was sent by regular and not certified mail as required by the statute. 793 S.W.2d 357, 461 (Mo.App. 1990). In so doing, the appellate court noted that such a stringent application of the rules was not warranted, especially in the absence of prejudice. Id. The court in Larabee, found that the appellant could not attempt to strictly enforce the notice requirement of Section 408.040 because she had received actual notice and, therefore, was unable to demonstrate that the respondent's failure to strictly comply with the certified mail requirement was prejudicial. In this case, just as in Larabee, Smith was sent a letter containing an offer of settlement. Smith did not object to the settlement letter either at trial or in its opposition to Tamko's present motion for prejudgment interest. As such, having received actual notice of an offer of settlement, Smith cannot now seek to have the certified mail requirement enforced to foreclose an award of

4

prejudgment interest pursuant to Section 408.040. Accordingly, Tamko's motion to amend judgment by awarding prejudgment interest is GRANTED.

**III.     Conclusion**

Having reviewed the arguments by the parties, Tamko's motion to amend judgment is hereby GRANTED in part and DENIED in part. Accordingly, it is ORDERED that Tamko's motion alter or amend the Court's judgment on the alter ego claim against Haden is DENIED. It is further ORDERED that Tamko's motion seeking an award prejudgment interest in the amount of $423,146.69 against Smith on Tamko's claim for fraudulent misrepresentation is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
 United States District Court

DATED:     June 13, 2005

5